IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                                                       OPINION and ORDER

                Plaintiff,

                                                       14-cv-369-bbc

      v.

INTERNAL REVENUE SERVICE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court is defendant Internal Revenue Service's motion to dismiss pro se plaintiff Christian C. Ibeagwa's claim under the Freedom of Information Act, 5 U.S.C. § 552, that defendant is withholding two 2011 tax documents, his Form 1040X and his Form 4136. (Plaintiff includes two other claims in his complaint that are not addressed in defendant's motion, so I do not consider those claims. Plaintiff filed a "motion to take judicial notice" that defendant's motion did not address those claims, dkt. #57, but I am denying that motion as unnecessary.) In its motion, defendant argues that the plaintiff's claim is moot and the court lacks subject matter jurisdiction over it because defendant has "released all documents in its possession which were responsive to [plaintiff's document] request." Dft.'s Br., dkt. #34-1, at 3.

      I agree with plaintiff that defendant's motion is not framed properly as a question of mootness or jurisdiction. As defendant acknowledges, a FOIA claim is moot when "the

1

agency has produced everything [the plaintiff] requested." Dft.'s Br., dkt. #34-1, at 3 (citing Cornucopia Inst. v. U.S. Dept. of Agriculture, 560 F.3d 673, 675 (7th Cir. 2009)). In this case, defendant admits that it has *not* produced everything plaintiff requested. Although defendant gave plaintiff his 1040 form that he filed in 2011, plaintiff also requested a Form 4136 that he says he filed with the 1040 form, which defendant has not yet provided. Defendant says that it did not provide the Form 4136 because plaintiff never filed that form, but that issued is disputed, so I cannot say that "there is no dispute over which to litigate." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991).

When a federal agency refuses to produce a document on the ground that it does not possess the document, the question becomes whether the agency conducted a search that was "reasonably calculated to uncover all relevant documents." Matter of Wade, 969 F.2d 241, 249 n. 11 (7th Cir.1992) (citing Weisberg v. United States Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Defendant implicitly concedes that it misframed the relevant question by arguing in its reply brief that it met this standard and by accompanying that brief with a declaration from an agency "disclosure specialist," who describes the actions she took to locate the requested documents. Williams Dec., dkt. #49. In particular, the specialist avers that she first used the agency's "Integrated Data Retrieval System," which is a "computer system that contains a tax account for each tax payer." Id. at ¶ 5 and n.2. In addition, "[b]ecause [plaintiff] was in Collection status and assigned to the Automated Collection Systems, [the specialist] asked the Compliance Services and Automated Collection Systems . . . contacts to check their Accounts Management Services systems and

look for the requested forms." Id. at ¶ 6. Neither document was found, so the specialist submitted a request to the Federal Records Center for both documents. The center sent the specialist plaintiff's 1040 form, but no 4136 form was attached.

Defendant's reply brief and accompanying declaration raise two potential problems. First, courts generally do not consider arguments raised for the first time in a reply brief because the nonmoving party did not have an opportunity to respond to them. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009). Second, in the context of a motion to dismiss, courts may not consider documents outside the pleadings such as the declaration of the disclosure specialist. Fed. R. Civ. P. 12(d); Geinosky v. City of Chicago, 675 F.3d 743, 745 (7th Cir. 2012). If the court does consider such documents, it must convert the motion to dismiss into a motion for summary judgment and give the nonmoving party an opportunity to respond. Id.

Plaintiff resolved part of the problem by asking for permission to file a surreply brief, which the court allowed plaintiff to file. (Plaintiff later filed an unoppsed motion to file a corrected version of that brief, dkt. #54, which I will grant as well.) However, even if I overlook the potential procedural problems with defendant's argument, there are substantive problems as well. For example, the declaration submitted by the disclosure specialist describes the steps she took to locate plaintiff's requested documents, but she does not explain *why* she chose to look where she did and whether there may be other places the documents could be found. For example, in his surreply brief, plaintiff says that defendant should have searched agency offices in Fresno, California, where he initially mailed his tax

documents, and Ogden, Utah, where officials later told plaintiff his tax documents had been sent. Although there may be good reasons why defendant did not search those locations, I cannot make that determination from the information defendant provided in its motion to dismiss.

Even with respect to the places defendant searched, it is not clear whether the search was reasonable. The disclosure specialist says in her declaration that the Federal Records Center did not attach a Form 4136 to the Form 1040X it sent, but the specialist does not say whether staff at the center attempted to locate Form 4136 or, if they did, what efforts they made.

Accordingly, I am denying defendant's motion to dismiss. If defendant believes that it can adduce additional evidence showing that its search was reasonably calculated to uncover all relevant documents, it is free to file a motion for summary judgment on that issue.

ORDER

IT IS ORDERED that

1. Defendant Internal Revenue Service's motion to dismiss for lack of jurisdiction, dkt. #34, is DENIED.

2. Plaintiff Christian Ibeagwa's motion for leave to file a corrected surreply brief, dkt. #54, is GRANTED.

3. Plaintiff's "motion to take judicial notice," dkt. #57, is DENIED.

Entered this 6th day of October, 2014.

            BY THE COURT:
            /s/
            BARBARA B. CRABB
            District Judge