IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                                                                     OPINION and ORDER

              Plaintiff,

                                                                       14-cv-369-bbc

     v.

INTERNAL REVENUE SERVICE,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Now before the court is defendant Internal Revenue Service's motion for judgment on the pleadings with respect to plaintiff Christian Ibeagwa's claims under the equal protection clause, the due process clause and the Administrative Procedure Act. Dkt. #64. (The parties have completed briefing on defendant's motion for a protective order as well, dkt. #87, but because that motion overlaps substantially with defendant's motion for summary judgment, I will address the motion for a protective order after the parties finish briefing defendant's summary judgment motion.) Because plaintiff's amended complaint does not state a claim upon which relief may be granted under any of the legal theories he cites, I am granting defendant's motion for judgment on the pleadings.

OPINION

Plaintiff included three "causes of action" in his complaint. In his first "cause of

1

action," plaintiff alleged that defendant was withholding tax documents from him, in violation of the Freedom of Information Act. That claim is not part of defendant's motion for judgment of pleadings. Plaintiff's "second cause of action" and "third cause of action" are more difficult to follow and they seem to be addressing the same issues, but my understanding is that plaintiff is alleging that an IRS representative lied to him and, as a result, plaintiff missed a tax deadline and was assessed a penalty. He says that defendant's conduct violated 5 U.S.C. § 702 (the Administrative Procedure Act), the equal protection clause and the due process clause.

As defendant points out, plaintiff's allegation makes little sense because he says that the IRS representative lied to him *after* his tax filing was due, Am. Cpt. ¶ 37, dkt. #22, so it is not clear how the alleged misrepresentation could have had any effect on the penalty he received. However, even setting aside that problem, I agree with defendant that plaintiff's claims under the Constitution must be dismissed because he does not explain how defendant intentionally discriminated against him (which is a requirement under the equal protection clause, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)), and he does not identify what process he believes he was due but did not receive (which is a requirement for a due process claim, Goros v. County of Cook, 489 F.3d 857, 859-60 (7th Cir. 2007)).

Plaintiff cites Boddie v. Connecticut, 401 U.S. 371 (1971), but the question in that case was whether a state could deny a divorce to a couple that could not afford to pay the court costs. Plaintiff does not explain how Boddie is relevant to his claims and I do not see how it could be.

With respect to the Administrative Procedure Act, plaintiff does not identify a "final agency action" by defendant, which is a requirement of the statute. 5 U.S.C. § 704. Further, the only relief plaintiff requests in his complaint (other than money damages, which are not available under the APA, 5 U.S.C. § 702) is production of the records that plaintiff says defendant is withholding. Because plaintiff can obtain that relief through his FOIA claim, he cannot show that he has "no adequate remedy in a court," which is another requitement under the APA. 5 U.S.C. § 704.

To the extent plaintiff is seeking money damages, federal agencies such as defendant generally are entitled to sovereign immunity. Talley v. U.S. Dept. of Agriculture, 595 F.3d 754, 758 (7th Cir. 2010). There are some circumstances in which a tax payer can file a lawsuit in district court to obtain a refund. 26 U.S.C. § 7422(a); 26 U.S.C. § 6532. However, I need not consider whether plaintiff meets the requirements of those statutes because plaintiff says that he "is not seeking . . . tax refunds or payments of interest on [his] refund." Dkt. #96 at 13.

In response to defendant's argument that plaintiff has not stated a claim upon which relief may be granted, plaintiff argues that defendant's answer was untimely. This is a non sequitur. Whether defendant's answer was timely has nothing to do with whether plaintiff's complaint states a claim upon which relief may be granted. Although a review of the docket sheets suggests that defendant's answer was one day late, plaintiff never moved for entry of default, so he has forfeited that issue. Even if plaintiff had filed a motion for a default judgment, I would deny it on the ground that plaintiff was not prejudiced in any way by the

3

minimal delay. Mommaerts v. Hartford Life & Accounting Insurance Co., 472 F.3d 967, 968-69 (7th Cir. 2007) (default judgment not appropriate for "non-prejudicial neglect").

Finally, plaintiff asks for an opportunity to amend his complaint to fix any deficiencies, but I am denying this request as futile. Plaintiff does not provide the slightest hint in either of his briefs of what allegations he would add to show that defendant violated his rights under the equal protection clause, the due process clause or the APA, so it would be pointless to give plaintiff another chance.

ORDER

IT IS ORDERED that defendant Internal Revenue Service's motion for judgment on the pleadings on plaintiff Christian Ibeagwa's claims under the equal protection clause, the due process clause and the Administrative Procedure Act, dkt. #64, is GRANTED.

Entered this 4th day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge