IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                                 OPINION and ORDER

            Plaintiff,

                                 14-cv-369-bbc

    v.

INTERNAL REVENUE SERVICE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Several motions are before the court in this case brought by pro se plaintiff Christian Ibeagwa against defendant Internal Revenue Service: (1) plaintiff's "motion to vacate" this court's May 4, 2015 order granting defendant's motion for judgment on the pleadings with respect to plaintiff's claims that defendant violated the Administrative Procedure Act and his rights to equal protection of the laws and due process of law, dkt. #102; (2) defendant's motion for a protective order, dkt. #87; (3) defendant's motion for summary judgment on plaintiff's claim under the Freedom of Information Act, dkt. #80; and (4) plaintiff's "motion for judicial notice," dkt. #106.

I am denying plaintiff's "motion to vacate" and "motion for judicial notice" because they have no merit. However, I am staying a decision on defendant's motion for summary judgment to allow plaintiff to respond to new issues raised in defendant's reply brief. Because defendant's motion for a protective order overlaps substantially with the motion for

summary judgment, I am staying a decision on the motion for a protective order as well.

## OPINION

### A. Motion to Vacate

In an order dated May 4, 2015, I granted defendant's motion for judgment on the pleadings with respect to plaintiff's claims that defendant violated his rights under the APA, the equal protection clause and the due process clause by lying to him and causing him to miss a tax deadline. I granted the motion for several reasons: (1) plaintiff failed to explain how defendant's alleged misrepresentation harmed him in light of his admission that the IRS representative lied to him *after* his tax filing was due; (2) with respect to his equal protection and due process claims, plaintiff failed to explain how defendant intentionally discriminated against him and he did not identify what process he believed he was due but did not receive; (3) with respect to his APA claim, plaintiff did not identify a "final agency action" by defendant; (4) plaintiff did not identify any relief he wanted other than a production of records, which is relief he could obtain under FOIA; (5) to the extent that plaintiff wanted money damages (other than a tax refund, which plaintiff said he did not want), defendant would be entitled to sovereign immunity.

In his "motion to vacate," plaintiff argues that he should be allowed to conduct discovery so that he can obtain evidence necessary to support his claims, but this argument is misplaced. I granted defendant's motion, not because plaintiff failed to adduce sufficient evidence, but because he failed to state a claim in his complaint. Under Fed. R. Civ. P. 11,

plaintiff was required to conduct "an inquiry reasonable under the circumstances" *before* filing a complaint. He is not entitled to discovery in order to help him file a complaint that meets federal pleading standards. Once a plaintiff alleges enough facts to state a claim upon which relief may be granted, *then* he is entitled to conduct discovery. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (federal pleading standards require "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement"). Any other rule would allow parties to file frivolous cases simply for the purpose of engaging in burdensome discovery to obtain a settlement. Id. at 557-58 ("[S]omething beyond the mere possibility of [a violation of the law] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.") (internal quotations omitted).

In any event, even now plaintiff does not explain how discovery could help him improve his complaint and he does not identify any additional allegations he could make to cure the problems discussed by the court. Accordingly, I conclude that it would serve no legitimate purpose to allow plaintiff to continue with these claims and I am denying his "motion to vacate."

### B. Motion for Summary Judgment

With respect to his FOIA claim, plaintiff argues that defendant is withholding a tax document that plaintiff says he filed in 2011. In particular, plaintiff is seeking a 2011 Form

4136, which relates to fuel tax credits. Defendant says that it has no record that plaintiff ever filed the document. Thus, the issue on summary judgment is whether defendant conducted a reasonable search for the document. Matter of Wade, 969 F.2d 241, 249 n. 11 (7th Cir. 1992).

In its opening brief, defendant explained the efforts it made to locate plaintiff's document. However, after plaintiff raised objections to the adequacy of the search in his response brief, defendant described additional efforts it made in its reply. Because plaintiff has not had an opportunity to respond to the question whether those efforts were adequate, I am giving plaintiff an opportunity to file a surreply brief.

### C. "Motion for Judicial Notice"

In a supplemental declaration filed with defendant's reply brief, Patricia Williams, the employee who conducted the search for plaintiff's tax documents, averred that she discovered "Mr. Ibeagwa's 2011 Form 1040X, with attached Forms 4136 for earlier years." Dkt. #105, ¶ 5. Although Williams believed that the documents were not responsive to plaintiff's FOIA request because "the accompanying facsimile Forms 4136 were for earlier tax years and not for tax year 2011," id., defendant gave the documents to plaintiff anyway.

In his motion, plaintiff argues that Williams "perjured herself" in her declaration when she stated that documents she discovered (and turned over to plaintiff) "were for earlier tax years and not for tax year 2011." I am denying this motion because plaintiff does not explain how Williams's perception on this issue is relevant to this case. To the extent

that plaintiff means to argue that the documents defendant turned over are in fact the documents he is seeking under his FOIA request, then the case is now moot because plaintiff has received everything he requested. Walsh v. U.S. Dept. of Veterans Affairs, 400 F.3d 535, 536 (7th Cir. 2005) ("In general, once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.") (internal quotations and omitted). If the documents are not related to plaintiff's FOIA request, then any statements Williams made about those documents have no bearing on plaintiff's FOIA claim.

ORDER

IT IS ORDERED that

1. Plaintiff Christian Ibeagwa's "motion to vacate," dkt. #102, and "motion to take judicial notice," dkt. #106, are DENIED.

2. Plaintiff may have until May 29, 2015, to file supplemental materials in which he addresses the following questions: (1) whether there are any documents identified in plaintiff's complaint that defendant has not yet produced; (2) if plaintiff believes that defendant has not produced all requested documents, whether the search described in Patricia Williams's supplemental declaration, dkt. #105, was adequate and, if not, why not.

3. A decision on defendant's motions for a protective order, dkt. #87, and for summary judgment on plaintiff's FOIA claim, dkt. #80, is STAYED until after May 29, 2015.

4. If plaintiff does not respond by May 29, 2015, I will resolve the remaining

motions on the current record.

Entered this 15th day of May, 2015.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge