IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                               OPINION and ORDER

           Plaintiff,

                               14-cv-369-bbc

   v.

INTERNAL REVENUE SERVICE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

           Plaintiff,                         OPINION AND ORDER

   v.                                               15-cv-289-bbc

INTERNAL REVENUE SERVICE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Several motions are before the court in these cases brought by pro se plaintiff Christian Ibeagwa against defendant Internal Revenue Service: (1) plaintiff's *second* motion for reconsideration of this court's May 4, 2015 order granting defendant's motion for judgment on the pleadings with respect to plaintiff's claims under the equal protection

1

clause, the due process clause and the Administrative Procedure Act in case no. 14-cv-369-bbc; (2) plaintiff's motion to consolidate case no. 14-cv-369-bbc and case no. 15-cv-289-bbc; (3) defendant's motion for a protective order in case no. 14-cv-369-bbc; and (4) defendant's motion for summary judgment on plaintiff's claim under the Freedom of Information Act in case no. 14-cv-369-bbc. For the reasons explained below, I am granting defendant's motions and denying plaintiff's.

OPINION

A. Motion for Reconsideration and Motion to Consolidate

Plaintiff has filed a second motion for reconsideration of this court's May 4, 2015 order granting defendant's motion for judgment on the pleadings with respect to plaintiff's claims under the equal protection clause, the due process clause and the Administrative Procedure Act. In its motion for judgment on the pleadings, defendant read plaintiff's claims as premised on an allegation that one of defendant's employees lied to plaintiff and caused him to miss a tax deadline. I had the same understanding, which plaintiff did not challenge in his briefs. I granted defendant's motion for several reasons: (1) plaintiff failed to explain how defendant's alleged misrepresentation harmed him in light of his admission that the IRS representative lied to him after his tax filing was due; (2) with respect to his equal protection and due process claims, plaintiff failed to explain how defendant intentionally discriminated against him and he did not identify what process he believed he was due but did not receive; (3) with respect to his APA claim, plaintiff did not identify a "final agency action" by

defendant; (4) plaintiff did not identify any relief he wanted other than a production of records, which is relief he could obtain under FOIA; (5) to the extent that plaintiff wanted money damages (other than a tax refund, which plaintiff said he did not want), defendant would be entitled to sovereign immunity. Plaintiff did not correct any of these problems in his first motion for reconsideration.

In his second motion for reconsideration, plaintiff still does not address any of the problems related to his allegation that he missed a deadline because of a misrepresentation by defendant. Instead, he says that the court erred by ruling on his first motion for reconsideration without giving him an opportunity to file a reply brief. This argument is without merit because there was nothing to which plaintiff could reply. It was clear on the face of plaintiff's motion that he was not entitled to relief, so I denied the motion without requiring additional briefing from *either* side. Plaintiff cites no authority for the view that a court must require more briefing on a motion that has no chance of success.

Alternatively, plaintiff seems to be suggesting now that his non-FOIA claims are about a different issue, which is defendant's alleged refusal to process what he says was his "valid non-frivolous tax return." Case no. 14-cv-369-bbc, dkt. #112 at 9. However, I do not read plaintiff's complaint as fairly raising a claim that defendant violated his rights by refusing to process his return. Further, that alleged conduct is part of case no. 15-cv-289-bbc, which plaintiff filed in May 2015. Although plaintiff has filed a motion to consolidate the two cases, it is much too late for that. Case no. 14-cv-369-bbc is almost at its resolution. If I were to grant the request to consolidate, it would require a completely new schedule.

Particularly because plaintiff's new lawsuit has nothing to do his FOIA claim, I see no reason to consolidate the two cases. Star Insurance Co. v. Risk Marketing Group Inc., 561 F.3d 656, 660-61 (7th Cir. 2009) ("[T]he two proceedings seek different things and seeking to consolidate them into one proceeding is improper."). Accordingly, I am denying plaintiff's second motion for reconsideration and his motion to consolidate.

### B. Motion for Summary Judgment and Motion for a Protective Order

Plaintiff's FOIA claim in case no. 14-cv-369-bbc is that defendant is withholding a tax document that plaintiff says he filed in 2011 with his amended tax return. In particular, plaintiff is seeking a 2011 Form 4136, which relates to fuel tax credits. (Initially, plaintiff was seeking both Form 4136 and his amended tax return (Form 1040X). However, defendant located the tax return and turned it over to plaintiff, so there is no longer a controversy with respect to that portion of plaintiff's claim.) Defendant says that it has no record that plaintiff ever filed a 2011 Form 4136, so the issue on summary judgment is whether defendant "conducted a search reasonably calculated to uncover all relevant documents in response to the FOIA request." Matter of Wade, 969 F.2d 241, 249 n.11 (7th Cir. 1992).

In an order dated May 15, 2015, I noted that, in its summary judgment reply brief, defendant identified more actions it took to locate a 2011 Form 4136 and that it had found additional records that it turned over to plaintiff. As a result, I asked plaintiff to file supplemental materials in which he stated whether the new documents satisfied his request

and, if not, whether he believed defendant's additional efforts were adequate. In his response, plaintiff says that defendant still has not produced his 2011 Form 4136 and that its efforts in locating the document were not reasonable. Accordingly, I must resolve the question whether defendant conducted a reasonable search.

In support of its motion, defendant filed three declarations from Patricia Williams, who is a "disclosure specialist" for defendant. Dkt. ##49, 82 and 105. This means that her duties include responding to records requests. Dkt. #49 at ¶¶ 1-2. According to Williams, defendant assigns all tax returns a "document locator number" when they are received. Dkt. #82 at ¶¶ 7-8. The first two digits of the document locator number represent the service center where the documents will be stored. Id. at 11. Any attachments to the return receive the same number and are stored with the return. Id. at ¶¶ 7-8. If these documents need to be retrieved later, defendant uses the document locator number to find them. Id. at ¶ 9.

In an attempt to locate plaintiff's requested document, Williams used the document locator number for plaintiff's original 2011 return and his amended return. Id. at 12. These numbers indicated that plaintiff's original return was in San Bruno, California and the amended return was in Ogden, Utah. Id. at ¶¶ 13-14. San Bruno staff informed Williams that the original return had been filed electronically. Williams was able to retrieve the original return but there was no Form 4136 attached. Id. at ¶ 13. On March 10, 2014, Williams sent a "search request" to the Odgen service center, asking the center to provide all the records associated with plaintiff's 2011 amended return. Id. at ¶ 14. Williams does

not say how the Ogden center responded to the request. Instead, she says, "to [the] best of my recollection . . . , the Form 1040X had been forwarded to the Lenexa, Kansas, Federal Records Center." Id. Williams asked the Lenexa center for plaintiff's 2011 amended return and any attachments. Id. On March 21, 2014, the center provided plaintiff's amended return, but there were no attachments. Id.

When Williams discovered that plaintiff's 2011 return was "under examination" (she does not explain what that means), she asked for a copy of the "examination file." The file included a copy of plaintiff's 2011 amended return but no Form 4136 was attached. Id. at ¶ 20. Williams also asked staff to search the "collection files" (she does not explain what those are) because "sometimes collection files do include copies of amended returns." Id. at ¶ 19. However, staff did not locate plaintiff's amended return or any attachments. Id.

In March 2015, Williams repeated her requests to the Ogden and Lenexa centers. In response, the Ogden center stated that it did not have any responsive records. Id. at ¶ 15. The Lenexa center again provided plaintiff's amended return, along with "several Service internal documents," but no Form 4136 was included. Id. at ¶¶ 16-17. Williams also reviewed the "examination file" again, but it did not include Form 4136. Id. at ¶ 20.

In his opposition brief, plaintiff challenges the adequacy of defendant's search on several grounds. First, he says that Williams should have searched the service center in Fresno, California because that's where he mailed his amended return. He also says that defendant violated this court's October 6, 2014 order by failing to search the Fresno center.

Plaintiff has mischaracterized the October 6, 2014 order. I did not order defendant

to search the Fresno center. Rather, I simply noted that defendant had failed to explain in its motion to dismiss why it did not search that center. Dkt. #59 at 3-4. In defendant's summary judgment materials, Williams gives two reasons for not searching the Fresno center. First, she says that "there was no locator code indicating that plaintiff's return or amended return was filed at the Fresno Service Center." Id. at ¶ 18. Second, she says that "the Fresno Service Center would not have any way to search for plaintiff's Form 1040X in the absence of a corresponding" document locator number. Id. This explanation is reasonable on its face. Plaintiff's only meaningful response is that defendant should have interviewed employees at the Fresno center, but that is not a reasonable request. As plaintiff himself acknowledges, a federal agency's duty to search for records is limited to "methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Of course, it is possible that an employee at the Fresno center lost plaintiff's Form 4136 somewhere at the center before forwarding the return to Ogden, but "[t]he issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." Wade, 969 F.2d at 249. It would be highly unlikely that an employee at the Fresno center would have an independent recollection of plaintiff's amended return, so it would not be a reasonable use of resources to interview every employee who could have handled the return. Because plaintiff identifies no other helpful information that a Fresno employee could provide, I conclude that defendant acted reasonably by choosing not to search the Fresno center.

Second, plaintiff says that defendant should have followed up on "leads" in the form

7

of receipt file stamps on the amended return:

    (1) 03-19-2012, RECEIVED IRS FRESNO, CA

    (2) 04-06-2012, 1024170719

    (3) APR 17 2012, RECD IN FRP, M/S 4390

Plaintiff believes that each of these stamps indicate possible locations of his Form 4136.

With respect to the first stamp, I discussed above defendant's reasons for not searching the Fresno center, so I need not consider that issue again. With respect to the second stamp, Williams states in a supplemental declaration that she does "not recognize the . . . file stamp as identifying any specific Service location" and she is not aware of any way of determining what "1024170719" means. Dkt. #105 at ¶ 4. More generally, she says that, without another document locator number, she would not be able to search a different facility. Id. Although defendant could be criticized for being unable to discern the meaning of its own stamp, plaintiff identifies no feasible way that defendant could use the number on the date stamp to locate additional records, so I decline to find that defendant acted unreasonably by failing to investigate that issue further.

Plaintiff suggests that the third date stamp may have been a reference to the "frivolous return program" at the Ogden center. In response, Williams conducted another search. She uncovered forms that plaintiff had filed in years other than 2011 (which defendant then turned over to plaintiff), but she did not uncover plaintiff's 2011 Form 4136. Id. at ¶ 5. In his surreply brief, plaintiff does not identify any additional actions that Williams should have taken to investigate the third date stamp, so that issue is forfeited.

The only remaining question is whether additional discovery could help plaintiff show that defendant did not conduct a reasonable search. Plaintiff served defendant with a number of interrogatories, dkt. #87–2, but defendant sought a protective order on the ground that plaintiff is seeking information that is either (1) unrelated to the reasonableness of defendant's search or (2) rendered moot by the Williams declarations. Plaintiff's briefs in opposition to the motion for a protective order are in large part a restatement of his arguments in response to defendant's motion for summary judgment, so I need not consider those arguments again. In addition, he argues generally that he needs discovery to prove that defendant did not conduct a reasonable search, but he never explains how his interrogatories could help him do that. My own review of his interrogatories did not uncover any requests for helpful information. For example, many of plaintiff's interrogatories ask defendant to explain the scope of its search, but Williams already did that in her declarations. Other interrogatories ask defendant to take unreasonable steps (such as interview any employees who may have handled plaintiff's tax documents) or provide irrelevant information (such as the names and addresses of various employees). Finally, some of plaintiff's interrogatories are more accurately described as legal arguments challenging the adequacy of defendant's search rather than true requests for factual information. In sum, I see nothing in his interrogatories that could help him prevail on his FOIA claim. Accordingly, I am granting defendant's motion for a protective order and granting defendant's motion for summary judgment.

As it did in its motion to dismiss, defendant asks the court to dismiss the case on the

ground that "plaintiff's FOIA claim is moot and the Court lacks jurisdiction over it." Dft.'s Br., dkt. #81. Dismissal of a FOIA claim as moot is appropriate when the government produces the documents the plaintiff requested. Cornucopia Institution v. U.S. Dept. of Agriculture, 560 F.3d 673, 675–76 (7th Cir. 2009); Walsh v. U.S. Dept. of Veterans Affairs, 400 F.3d 535, 536 (7th Cir. 2005). Under this reasoning, plaintiff's claim as to the Form 1040X is moot, but his claim as to the Form 4136 is not because defendant never produced that document. Instead, I am dismissing that claim on the merits, on the ground that defendant is not required to produce a document it cannot find after conducting a reasonable search.

ORDER

IT IS ORDERED that

1. Plaintiff Christian Ibeagwa's second motion for reconsideration, dkt. #80 (in case no. 14-cv-369-bbc), is DENIED.

2. Plaintiff's motion to consolidate these cases, dkt. #108 (in case no. 14-cv-369-bbc) and dkt. #3 (in case no. 15-cv-289-bbc), is DENIED.

3. Defendant Internal Revenue Service's motion for a protective order, dkt. #87 (in case no. 14-cv-369-bbc), is GRANTED.

4. Defendant's motion for summary judgment, dkt. #80 (in case no. 14-cv-369-bbc), is GRANTED. Plaintiff's claim that defendant withheld his 2011 Form 1040X is DISMISSED as moot. Plaintiff's claim that defendant withheld his 2011 Form 4136 is

DISMISSED on the merits.

     5.  The clerk of court is directed to enter judgment in favor of defendant in case no. 14-cv-369-bbc and close that case.

     Entered this 18th day of June, 2015.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge