IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

Plaintiff,

OPINION and ORDER

14-cv-369-bbc

v.

INTERNAL REVENUE SERVICE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 18, 2015, dkt. #124, I granted defendant Internal Revenue Service's motion for summary judgment on pro se plaintiff Christian Ibeagwa's claim under the Freedom of Information Act. In particular, I concluded that plaintiff's claim that defendant withheld plaintiff's 2011 Form 1040X was moot because defendant had provided that form to plaintiff before defendant filed its summary judgment motion. In addition, I concluded that defendant was entitled to summary judgment on plaintiff's claim that defendant withheld a Form 4136 (related to fuel tax credits) that plaintiff says he filed in 2011 because defendant was unable to locate that document, even after conducting a reasonable search. In a previous order, I dismissed plaintiff's claims that he raised under the United States Constitution. Dkt. #101.

Now before the court is a motion in which plaintiff says that he is entitled to costs he incurred while prosecuting this case. Dkt. #126. (Plaintiff calls this document a "motion

for summary judgment," but the content of the motion makes it clear that the motion is limited to the question of costs. He does not seek reconsideration of the court's summary judgment opinion and he does not otherwise raise any issues related to the merits of his case.) For the reasons explained below, I conclude that plaintiff is not entitled to an award of costs.

OPINION

In support of his motion, plaintiff cites 5 U.S.C. § 552(a)(4)(E), which states that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [the Freedom of Information Act] in which the complainant has substantially prevailed." A party "substantially prevails" under the Act if he "obtain[s] relief" because of (1) "a judicial order, or an enforceable written agreement or consent decree," 5 U.S.C. § (a)(4)(E)(ii)(I), or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial," 5 U.S.C. § (a)(4)(E)(ii)(II).

In this case, plaintiff argues that he meets the second part of this definition, "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." In particular, plaintiff points to defendant's decision to produce one of his requested documents, the 2011 Form 1040X (his tax return), after he filed this case, but before the court entered judgment. (Although plaintiff says that defendant voluntarily produced "some" of his requested records "such as" the Form 1040X, dkt. #126, at 3, he

does not identify any other responsive records that defendant produced.)

Defendant does not deny that its decision to produce the Form 1040X qualifies as "a voluntary or unilateral change in position," but it says that the change was "insubstantial" because it was limited to the release of one document. Although defendant's argument has some force, plaintiff was only seeking two documents in this case, so another way of looking at the issue is that plaintiff obtained half of the documents he was seeking. In the case defendant cites in support of its position, the plaintiff had requested 4000 documents but received only 18. Hersh & Hersh v. U.S. Dept. of Health & Human Services, No. C 06-4234 PJH, 2008 WL 2725497, at *2 (N.D. Cal. July 10, 2008). Even in that case, the court stated that the "minuscule amount [of documents produced] is not dispositive of the question whether plaintiff has substantially prevailed." Id.

Further, most courts construing the term "insubstantial" in this provision have held that it relates to the merit of the plaintiff's claim, not the number or percentage of documents that the agency chose to release voluntarily. Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 526 (D.C. Cir. 2011); Judicial Watch, Inc. v. U.S. Dept. of Justice, 878 F. Supp. 2d 225, 233 (D.D.C. 2012); Kretchmar v. FBI., 882 F. Supp. 2d 52, 59 (D.D.C. 2012). See also Dorsen v. United States Securities & Exchange Communication, 15 F. Supp. 3d 112, 116 n.4 (D.D.C. 2014) (previous version of unenacted bill used word "frivolous" instead of "insubstantial"). In this case, defendant does not deny that plaintiff was entitled to the 2011 Form 1040X.

However, the parties agree that, even if plaintiff is *eligible* under § 552(a)(4)(E) to

receive costs as a prevailing party, this does not mean that plaintiff is *entitled* to fees or costs. 5 U.S.C. § 552(a)(4)(E) (court "may" award fees and costs to substantially prevailing party). See also Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011) (Section 552(a)(4)(E) "naturally divides the attorney-fee inquiry into two prongs, which our case law has long described as fee 'eligibility' and fee 'entitlement.'"). Rather, the court must consider the following four factors before awarding fees or costs:

(1) the public benefit provided by the case;

(2) the commercial benefit to the complainant;

(3) the nature of the complainant's interest in the records sought; and

(4) whether the government's withholding of the records had a reasonable basis in the law.

These factors are not in the statute itself (apparently they come from a Senate report, Nationwide Building Maintenance, Inc. v. Sampson, 559 F.2d 704, 711 (D.C. Cir. 1977)), but it appears that many courts have incorporated the factors into the determination whether a party may recover fees or costs in a FOIA case. E.g., McKinley v. Federal Housing Financial Agency, 739 F.3d 707, 711 (D.C. Cir. 2014); GMRI, Inc. v. EEOC, 149 F.3d 449, 452 (6th Cir. 1998); Maynard v. CIA, 986 F.2d 547, 568 (1st Cir. 1993); State of Texas v. ICC, 935 F.2d 728, 730 (5th Cir. 1991); Long v. IRS, 932 F.2d 1309, 1313 (9th Cir. 1991); Aviation Data Serv. v. FAA, 687 F.2d 1319, 1321 (10th Cir. 1982). But see Sampson, 559 F.2d at 714 ("Courts should . . . consider other factors that may be relevant to whether attorney fees should be awarded to a successful FOIA plaintiff."); Morley v. CIA, 719 F.3d

689, 690 (D.C. Cir. 2013) (Kavanaugh, J., concurring) ("We should ditch the four-factor standard" because "the four factors have no basis in the statutory text."). More important, both parties apply the factors in their briefs and assume that the factors are controlling, so I will do the same.

The fourth factor seems to favor plaintiff. As plaintiff points out, courts have placed the burden on the agency to show that it had a reasonable basis for refusing to produce the documents when the plaintiff requested them. Davy v. CIA, 550 F.3d 1155, 1163 (D.C. Cir. 2008) ("The question is not whether Davy has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after Davy filed suit."). In this case, defendant does not develop an argument in support of a view that it was justified under FOIA in delaying the production of the document plaintiff requested. The case it cites has nothing to do with a FOIA request. Scrimgeour v. Internal Revenue, 149 F.3d 318 (4th Cir. 1998) (concluding that agency's *release* of confidential tax information did not violate Privacy Act).

However, the remaining three factors regarding the public and private interests at stake do not support plaintiff's motion. Plaintiff was seeking copies of his own tax documents that were related to defendant's decision to assess a penalty on plaintiff for filing a frivolous return. Plaintiff points to no evidence that he had any purpose other than to help himself in a tax dispute with defendant.

In his brief, plaintiff says he requested "the receipt date including any confirmation

or stamp dated record" and that the receipt dates "are not personal tax records of the plaintiff since plaintiff did not prepare or submit or stamp." Dkt. #126 at 18. This argument is frivolous. To begin with, plaintiff's request for relief in his amended complaint does not say anything about a request for date stamps. In any event, the date stamps obviously are not separate documents. Regardless whether the stamps are part of his "personal tax records," the point is that plaintiff was seeking the records to further his own private interests.

Plaintiff makes a tortured argument in his brief that he wanted the date stamps because those would show "how the IRS processes FOIA requests," which is an issue of "great public benefit." Id. at 19, 23. This argument fails for two reasons. First, plaintiff does not explain how a date stamp on one tax record gives the public any meaningful insight into the way defendant processes requests for information or, even more important, how that stamp would "add to the fund of information that citizens may use in making vital political choice." Cotton v. Heyman, 63 F.3d 1115, 1117 (D.C. Cir.1995). See also Aviation Data, 687 F.2d at 1323 ("[I]n weighing this factor [regarding a public benefit] a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure. . . [T]his factor . . . speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices."). Second, plaintiff's FOIA claim was not about "how the IRS processes FOIA requests"; it was about requests for particular tax documents. If the way an agency responds to a FOIA request were a relevant consideration, then *all* FOIA requests would

satisfy the "public benefit" factor.

In sum, I conclude that plaintiff has shown no benefit to the public provided by his FOIA request and that he was seeking records for a private financial interest, namely, to assist him in a tax dispute with defendant. Under these circumstances, I conclude that an award of costs is not appropriate even if plaintiff was entitled to the document. Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182, 1195 (10th Cir. 1998) (declining to award fees even though "the government was not justified in refusing to act" in part because the lawsuit "was for [the plaintiff's] personal benefit rather than for the benefit of the public interest"); Anderson v. Secretary of Health & Human Services, 80 F.3d 1500, 1505 (10th Cir. 1996) ("[T]he court generally should not award attorney's fees in an FOIA case where the plaintiff's self-interest was the primary factor in bringing the suit.") (internal quotations omitted). This is consistent with the purpose of FOIA, which is to "provide a method of informing the public as to governmental operations and not to enhance the private benefits of litigants." Id. (internal quotations and alterations omitted).

Even if I were to conclude that plaintiff is entitled to costs, the amount would be significantly less than what plaintiff requests. Nearly all of the costs that plaintiff seeks were incurred *after* April 29, 2014, the date that plaintiff says that he received his 2011 Form 1040X. I would not award costs to plaintiff that are unrelated to the portion of the case on which he prevailed, particularly because the April 29 date provides such a clear dividing line for determining which efforts were related to the successful portion of plaintiff's claim. Cf. Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014) ("Where the hours spent on

successful claims can easily be distinguished from those spent on unsuccessful claims, the court can simply strike the latter entries when" determining reasonable attorney fees).

A few loose ends remain to be cleaned up before concluding. First, plaintiff says multiple times in his briefs that defendant "did not aver or refute the allegation that it destroyed plaintiff's Form 4136," dkt. #126 at 12-13, but he does not explain how that statement is relevant to his request for costs. To the extent he means to argue that his allegation has some bearing on the resolution of his claim, that is an issue he should have raised in response to defendant's motion for summary judgment. In any event, plaintiff later admits that defendant *did* deny in its answer that it destroyed any documents. It is not clear what else plaintiff expected defendant to do.

Second, plaintiff has filed a document that he calls "Motion for Leave to Amend Plaintiff's Motion for Summary Judgment," dkt. #130, in which he seeks to add a request for attorney fees. I am denying this motion because it is untimely (under Fed. R. Civ. P. 54(d)(2)(B)(i), a party must make a request for fees "no later than 14 days after the entry of judgment," but plaintiff did not file his request until more than three weeks after judgment was entered), because a pro se party cannot be awarded attorney fees, Kay v. Ehrler, 499 U.S. 432 (1991); Benavides v. Bureau of Prisons, 993 F.2d 257 (D.C. Cir. 1993), and because the request is moot in light of my conclusion that plaintiff has not satisfied the standard for obtaining costs under 5 U.S.C. § 552(a)(4)(E), which is the same standard for obtaining fees.

Third, in a document that plaintiff calls "Motion for Leave to Further Amend

Plaintiff's Motion for Summary Judgment," dkt. #133, plaintiff includes a new paragraph in which he says that certain orders from this court qualify as judicial orders that provided relief to plaintiff under 5 U.S.C. § 552(a)(4)(E)(ii)(I). However, this motion was filed more than three weeks after plaintiff's original request for fees and costs and the only reason plaintiff identifies for omitting it the first time is "inadvertence." Dkt. #132. Accordingly, I am denying the motion as untimely. In any event, even in his supplement, plaintiff does not develop an argument demonstrating that any of this court's orders qualify as a judicial order providing relief under § 552(a)(4)(E)(ii)(I), so he has forfeited that argument.

ORDER

IT IS ORDERED that

1. Plaintiff Christian Ibeaqwa's request for costs, dkt. #126, is DENIED.

2. Plaintiff's motion for leave to amend, dkt. #130, and his motion for leave to further amend, dkt. #133, are DENIED.

Entered this 26th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge