IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                Plaintiff,

  v.

INTERNAL REVENUE SERVICE,

                Defendant.

ORDER

14-cv-369-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 18, 2015, dkt. #124, I granted defendant Internal Revenue Service's motion for summary judgment on pro se plaintiff Christian Ibeagwa's claim under the Freedom of Information Act. In particular, I concluded that plaintiff's claim that defendant withheld plaintiff's 2011 Form 1040X was moot because defendant had provided that form to plaintiff before defendant filed its summary judgment motion. In addition, I concluded that defendant was entitled to summary judgment on plaintiff's claim that defendant withheld a Form 4136 (related to fuel tax credits) that plaintiff says he filed in 2011 because defendant was unable to locate that document, even after conducting a reasonable search. In a previous order, I dismissed plaintiff's claims that he raised under the United States Constitution. Dkt. #101.

In an order dated August 26, 2015, dkt. #143, I denied plaintiff's request for costs under 5 U.S.C. § 552(a)(4)(E), which states that "[t]he court may assess against the United

1

States reasonable attorney fees and other litigation costs reasonably incurred in any case under [the Freedom of Information Act] in which the complainant has substantially prevailed. . . [A] complainant has substantially prevailed if the complainant has obtained relief through either . . . (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."

I acknowledged that plaintiff's lawsuit brought about "a voluntary or unilateral change in position by the agency" within the meaning of § 552(a)(4)(E)(ii)(II) because defendant produced one of plaintiff's requested documents after he filed his complaint. However, I denied his request for costs because plaintiff's only purpose in requesting the document was to help himself in a tax dispute with defendant, not to benefit the public interest. Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182, 1195 (10th Cir. 1998) (declining to award fees even though "the government was not justified in refusing to act" in part because the lawsuit "was for [the plaintiff's] personal benefit rather than for the benefit of the public interest"). I declined to consider arguments that plaintiff raised in new motions that he filed well after the deadline under Fed. R. Civ. P. 54 for requesting costs and fees.

Now before the court is plaintiff's motion to reconsider the denial of costs. Dkt. #144. Most of plaintiff's 45-page brief is simply a rehash of arguments that I rejected in the August 26 order. I see nothing in the brief that persuades me that it was error to deny plaintiff's request for costs. Plaintiff also says that the court erred by refusing to consider

his late motions, arguing that, under Fed. R. Civ. P. 15, he was entitled to amend his original motion. However, Rule 15 applies to pleadings such as a complaint or answer; the text of the rule does not apply to motions, so it cannot help plaintiff. Accordingly, I again decline to consider the untimely arguments plaintiff raises regarding whether certain orders of this court qualify as judicial orders that provided relief to plaintiff under 5 U.S.C. § 552(a)(4)(E)(ii)(I).

On September 25, 2015, plaintiff filed a motion for leave to file a reply brief in support of his motion for reconsideration, dkt. #148, but he did not file the proposed brief along with his motion, which is inconsistent with a previous court order in this case. Dkt. #88 ("In the future, if plaintiff wishes to file an additional brief, he should file that brief with his motion for leave to file the brief so that there are no unnecessary delays in resolving the underlying motion."). In any event, I did not need to consider defendant's brief in opposition to plaintiff's motion for reconsideration, so a reply brief would serve no purpose. Accordingly, I am denying plaintiff's motion for leave to file a reply brief.

ORDER

IT IS ORDERED that plaintiff Christian Ibeagwa's motion for reconsideration, dkt.

#144, and motion for leave to file a reply brief, dkt. #148, are DENIED.

Entered this 27th day of October, 2015.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge